IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ATHOL J. KELLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-1127-WEB |
| | ) |
| A.M. OWENS, | ) |
| RETHA ZULAGER, | ) |
| JEFFREY SCHRAMEK, and | ) |
| RAMONA SCHUENEMEYER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **Memorandum and Order**

Plaintiff Athol J. Keller initiated this action on May 3, 2007, by filing a complaint against the above-named defendants and paying the appropriate filing fee. The complaint alleges that the defendants "imposed a condition of involuntary servitude" on plaintiff in violation of his rights under the Thirteen Amendment. Doc. 1, ¶ 1. Plaintiff claims these defendants belong to a "secret society which operates outside the law" and have, by stealth, fraud, harassment and threats, "extort[ed] money from any convenient target in order to take away up to 90% of the target's income ... thereby reducing the target to a condition of involuntary servitude." *Id*., ¶ 5. Plaintiff alleges that the defendants did so by compelling his employer "to take the 'lions share'" of his income and send the money to them. *Id*., p. 3. Among other things, plaintiff asks the court to find civil damages against the defendants in the amount of one million dollars each and to remand the defendants to the U.S. Attorney for the District of Kansas to conduct grand jury proceedings for violating 18 U.S.C. § 241.

Summonses were issued by the Clerk of the Court on June 5, 2007. On the same day,

plaintiff filed a motion for summary judgment (Doc. 2). On June 19, 2007, plaintiff filed a copy of the summonses with returns executed by him purporting to show service of process on the defendants by certified mail. None of the return receipts appear to have been signed by the defendants. All of the returns indicate that the documents were likely addressed to the defendants at various Internal Revenue Service Centers. From this, the court gathers that the named defendants are likely employees of the Internal Revenue Service, and that plaintiff's complaint relates to efforts by Internal Revenue Agents to collect taxes from him.

Plaintiff has now filed a motion for default judgment, as well as a notice complaining that the Clerk is obstructing justice by not entering default.

Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default. *See Peterson v. Carbon County*, 156 F.3d 1244 (Table), 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998). When applying for an entry of default, the plaintiff bears the burden of showing that defendant has been properly served, *Evertson v. Topeka Assoc. for Retarded Citizens*, No. 05-4046-SAC, 2005 WL 2988716, at * 1 (D.Kan. Oct. 11, 2005).

Plaintiff has not shown proper service upon the defendants. "Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States – whether or not the officer or employee is sued also in an official capacity – is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e)...." Fed.R.Civ.P. 4(I). Plaintiff has not shown proper service upon the United States.

Rule 4(e) provides that service upon an individual may be obtained "pursuant to the law

of the state in which the district court is located" or by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.  The law of this state – Kansas – permits service by certified mail but places various requirements upon such service. *See* K.S.A. § 60-304(a).  Plaintiff has not shown service upon the defendants in accordance with Rule 4(e).

Conclusion.

Plaintiff has not met his burden of establishing proper service of process.  Accordingly, plaintiff's Motion for Summary Judgment (Doc. 2) and his Motion for Default Judgment (Doc. 8) are DENIED.

IT IS SO ORDERED this  14th   Day of September, 2007, at Wichita, Ks.

                                                s/Wesley E. Brown
                                                Wesley E. Brown
                                                U.S. Senior District Judge